## Ralph STEWART *v.* STATE of Arkansas

5514                                          455 S. W. 2d 100

### Opinion delivered June 15, 1970

*Bethell, Stocks, Callaway & King,* for appellant.

*Joe Purcell,* Attorney General; *Mike Wilson,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, age 45, was charged with the larceny of a used Volkswagen automobile. He was found guilty and sentenced to four years imprisonment. The only point raised in his motion for a new trial is the sufficiency of the evidence to support the conviction. The argument is that the proof established embezzlement rather than larceny.

On February 19, 1969, Stewart went to a Fort Smith automobile dealer's place of business and inquired about buying the car in question. A salesman first accompanied Stewart upon a trial ride in the vehicle. Then the salesman, satisfied with Stewart's driving ability, allowed him to take the car out by himself. Stewart stated that he was just going to try the car out and would be back shortly.

Stewart actually drove off in the car and kept it for almost six weeks. He was apprehended with the vehicle in his possession at Clarksville on April 1. At that time Stewart was living in Russellville and working there. He testified that he intended to go back to Fort Smith and buy the car when he had raised enough money to do so.

Upon the facts as we have outlined them the jury could properly have found what is usually called larceny by trick, which the judge explained in his instructions to the jury. As we pointed out in *Hall* v. *State,* 161 Ark. 453, 257 S. W. 61 (1923), if one hires a horse with the present intention of stealing it, he is guilty of larceny. In the case at bar the jury could certainly have found that from the outset Stewart had the requisite intent to commit larceny.

Stewart's court-appointed attorneys also argue two contentions not preserved in the motion for a new trial and therefore not available on appeal. Counsel insist in their reply brief that the requirement that each point be carried forward in the motion for a new trial is highly technical and should not be insisted upon, especially with respect to attorneys who customarily handle civil cases only.

We find no merit in that contention. We are not at liberty to disregard our statutes, which for more than a hundred years have required motions for new trial in criminal cases. Ark. Stat. Ann., Title 43, Ch. 22 (Repl. 1964). In fact, a similar requirement was applicable to civil cases at law until the passage of Act 555 of 1953, only seventeen years ago. Our reports contain hundreds of cases, both civil and criminal, in which a contention has been rejected on appeal because it was not included in the motion for a new trial. In the case at hand counsel certainly knew that such a motion was required, for they promptly filed one on the very day that the verdict was returned. We are not prepared to say that counsel who appreciate the necessity for filing a motion should nevertheless be excused for not

knowing, or for not attempting to find out, what the motion should contain.

Affirmed.